UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DRYWALL TAPERS AND POINTERS OF GREATER
NEW YORK LOCAL UNION 1974, AFFILIATED WITH
INTERNATIONAL UNION OF ALLIED PAINTERS AND
ALLIED TRADES, AFL-CIO AND TRUSTEES OF THE
DRYWALL TAPERS AND PAINTERS LOCAL UNION
NO. 1974 BENEFIT FUNDS,

                              Petitioners,

            -v-

NOVA BROTHERS, INC.,

                              Respondent.

24 Civ. 5393 (PAE)

OPINION & ORDER

---

PAUL A. ENGELMAYER, District Judge:

      Petitioners—Drywall Tapers and Pointers of Greater New York Local Union 1974, Affiliated with International Union of Allied Painters and Allied Trades, AFL-CIO ("the Union") and Trustees of the Drywall Tapers and Painters Local Union No. 1974 Benefit Funds ("the Funds")—seek confirmation of an arbitral award issued against respondent Nova Brothers, Inc. ("Nova"). Dkt. 1 ("Pet."); Dkt. 2-1 at 2 ("Award"). Nova is an employer bound by a Collective Bargaining Agreement ("CBA") with the Union. Dkt. 2-2 at 2 (copy of agreement). On July 17, 2024, petitioners commenced this action, pursuant to Section 301(c) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185; see 9 U.S.C. § 9. For the following reasons, the Court confirms the Award.

## I. Background

### A. The Parties and Their Agreements

      The Funds are multi-employer labor-management trust funds organized and maintained pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001

1

*et seq.*; Pet. ¶ 3. The Union is a labor organization that represents employees working in an industry affecting commerce as defined by Section 501 of the LMRA and ERISA. *Id.* ¶ 2. It maintains its principal place of business at 45 West 14th Street, New York, NY 10011. *Id.* Nova is an "employer" in an industry affecting commerce and maintained this status at all times relevant to this lawsuit. *Id.* ¶ 4.

At all relevant times, Nova was party to a CBA with the Union. *Id.* ¶ 5. The CBA required Nova to pay certain contributions to the Funds for all covered employees. *Id.* ¶ 7; Dkt. 2-2 at 37. The CBA authorized legal action by the Funds, including the commencement of arbitral proceedings, to collect delinquent contributions. Pet. ¶¶ 6–7. In the event of legal action, the CBA provides that the employer shall pay to the Funds all unpaid contributions due and liquidated damages. Dkt. 2-2 at 30.

## B. The Arbitral Award

A dispute arose between the Funds and Nova as to whether Nova had made certain of the contributions required by the CBA between September 26 and October 31, 2023. *Id.* ¶ 7; Award at 1–2. On or around March 18, 2024, the Funds initiated arbitral proceedings before the Joint Trade Board of the Drywall Tapers Industry (the "Trade Board"). *Id.* at 1. The Trade Board thereafter gave notice to Nova that it had scheduled a hearing for April 4, 2024. *Id.*; *see* Dkt. 2-3.

As scheduled, on April 4, 2024, the Trade Board held a hearing. Award at 1. The evidence presented by the Funds included "shop steward reports" and "remittance reports," which indicated the hours that Union members Martin Campos, Dario Pujol and Oscar Yusti worked for Nova between September 26 and October 31, 2023. *Id.* at 2; Pet. ¶ 9.

On April 9, 2024, the Trade Board issued the Award. *Id.* Based on the evidence presented, it determined that Nova failed to make fringe contributions on behalf of Campos, Pujol, and Yusti, in violation of the CBA. Award at 2. The Trade Board ordered Nova to pay the Funds $6,460.12 in delinquent fringe benefits. *Id.*

On April 10, 2024, petitioners served the Award on Nova. Dkt. 2-4; Pet. ¶ 13.

### C. This Action

On July 17, 2024, after Nova failed to comply with petitioners' demand for the Award amount, Pet. ¶¶ 13–15, petitioners filed the instant petition to confirm the Award and a memorandum of law in support, Dkt. 1. On July 24, 2024, the Court ordered Nova to file its response to the petition by August 21, 2024. Dkt. 7. That same day, petitioners effected service on Nova. Dkt. 8. To date, Nova has not opposed the petition or otherwise appeared in this case.

## II. Discussion

### A. Applicable Legal Standards

"Arbitration awards are not self-enforcing." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 104 (2d Cir. 2006) (cleaned up). Instead, "they must be given force and effect by being converted to judicial orders by courts." *Id.* The FAA provides a "'streamlined' process for a party seeking 'a judicial decree confirming an award.'" *Salzman v. KCD Fin., Inc.*, No. 11 Civ. 5865 (DLC), 2011 WL 6778499, at *2 (S.D.N.Y. Dec. 21, 2011) (quoting *Hall St. Assocs. L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 582 (2008)).

"Normally, confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair*, 462 F.3d at 110 (citations and internal quotation marks omitted). "The showing required to avoid summary

confirmation of an arbitration award is high." *Willemijn Houdstermaatschappij, BV v. Standard Microsystems Corp.*, 103 F.3d 9, 12 (2d Cir. 1997) (quoting *Ottley v. Schwartzberg*, 819 F.2d 373, 376 (2d Cir. 1987)); *see also Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 388 (2d Cir. 2003) ("It is well established that courts must grant an [arbitrator's] decision great deference.").

A motion to confirm an arbitral award against a party that has failed to appear in the action is evaluated under the legal standards applicable to a motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. To prevail on such a motion, the movant must "show[] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, the Court must view all facts "in the light most favorable" to the non-moving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). In determining whether there are genuine issues of material fact, the Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought." *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted)).

"Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also Amaker v. Foley*, 274 F.3d 677, 681 (2d Cir. 2001). In reviewing an unopposed motion for confirmation of an arbitral award, a court

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment

4

> motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

*D.H. Blair*, 462 F.3d at 110 (emphasis in original) (quoting *Vt. Teddy Bear Co.*, 373 F.3d at 244). Where "[t]here is no indication that the arbitration decision was made arbitrarily, exceeded the arbitrator's jurisdiction, or otherwise was contrary to law . . . a court must grant an order to confirm an arbitration award upon the timely application of a party." *Herrenknecht Corp. v. Best Rd. Boring*, No. 06 Civ. 5106 (JFK), 2007 WL 1149122, at *2 (S.D.N.Y. Apr. 16, 2007).

### B. Confirmation of the Arbitral Award

On the basis of the Award, and on the very limited review that is appropriate, the Court finds summary judgment warranted, as petitioners have shown there is no material issue of fact in dispute. The Trade Board acted within the scope of the authority granted it by the parties. *See* Dkt. 2-2 at 25. Having considered the evidence adduced at the hearing, the Trade Board found that Nova violated the CBA and ordered Nova to pay the Funds the fringe benefit contributions as to which it was delinquent. Award at 1–2. From this, the Court concludes that there is at least a "barely colorable justification for the outcome reached," and by all indications a more than colorable one. *Michaels Realty Corp.*, 954 F.2d at 797. Accordingly, the Court confirms the Award in favor of the petitioners, for a total amount of $6,460.12.

### C. Attorneys' Fees Associated with This Action

Petitioners also seek fees and costs incurred in bringing the instant Petition. Dkt. 1-1 at 5. Absent statutory authority, however, the Court ordinarily may not grant an application for attorneys' fees. *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Dejil Sys., Inc.*, No. 12 Civ. 5 (JMF), 2012 WL 3744802, at *4 (S.D.N.Y. Aug. 29, 2012) (parties not necessarily entitled to fees and costs associated with bringing petition to confirm arbitration award for recovery of delinquent contributions) (citing *Abondolo v. Jerry WWHS Co., Inc.*, 829 F. Supp. 2d

5

120, 130 (E.D.N.Y. 2011)); *Laundry, Dry Cleaning Workers & Allied Indus. Health Fund v. Stainless Partners, Inc.*, No. 7 Civ. 3542 (CPS), 2007 WL 3232260, at *3 n.4 (E.D.N.Y. Oct. 31, 2007) (denying request for attorneys' fees where petitioners failed to submit any time records). Section 301 of the LMRA does not provide such authority.

In the absence of such authority, the Court may nonetheless award attorneys' fees under its inherent equitable powers when opposing counsel acts in bad faith. *See Carpenters Pension Fund*, 2012 WL 3744802, at *4. Petitioners, however, have not provided evidence upon which the Court could find bad faith here. Accordingly, the Court does not award fees and costs associated with bringing the Petition.

### D. Post-Judgment Interest

Petitioners seek "further relief as the Court may deem just and proper." Pet. 4. Although they do not explicitly seek post-judgment interest, such interest "shall be allowed on any money judgment in a civil case recovered in a district court . . . at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a); *see Stage Dirs. & Choreographers Soc'y v. Paradise Square Broadway Ltd.*, No. 22 Civ. 6252 (PAE), 2022 WL 17249460, at *4 (S.D.N.Y. Nov. 28, 2022) (awarding post-judgment interest where petition for confirmation of arbitral award did not explicitly request it); *Mulligan Funding LLC v. Tommy Interior Contracting Corp.*, No. 23 Civ. 8808, 2024 WL 3513456, at *11 (E.D.N.Y. July 23, 2024) ("Plaintiff does not seek post-judgment interest, but the very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered." (internal quotation marks omitted)); *cf. Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. S. Coal Corp.*, No. 17 Civ. 1329, 2017 WL 5714117, at *3

(S.D.N.Y. Nov. 27, 2017). Awards of post-judgment interest under § 1961 are mandatory. *See Cappiello v. ICD Publ'ns, Inc.*, 720 F.3d 109, 113 (2d Cir. 2013) (collecting cases). An order confirming an arbitral award is to be "docketed as if it was rendered in an action," and "have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is entered." 9 U.S.C. § 13. Accordingly, § 1961 applies to actions to confirm arbitral awards. *See, e.g., Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 100–01 (2d Cir. 2004) (awarding post-judgment interest in case arising from arbitration); *Tru-Art Sign Co. v. Loc. 137 Sheet Metal Workers Int'l Ass'n*, 852 F.3d 217, 223 (2d Cir. 2017). The Court therefore also awards interest to accrue from the date judgment is entered until payment is made.

## CONCLUSION

For the reasons stated above, the Court confirms the Award in favor of petitioners and issues judgment in the amount of $6,460.12, plus post-judgment interest pursuant to 28 U.S.C. § 1961(a). The Court respectfully directs the Clerk of Court to enter judgment accordingly, to terminate all pending motions, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: November 19, 2024
New York, New York